# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHROMADEX, INC. and TRUSTEES OF DARTMOUTH COLLEGE,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>ELYSIUM HEALTH, INC.,<br><br>　　　　　　Defendant. | C.A. No. 18-1434-CFC |

**PLAINTIFFS CHROMADEX, INC. AND TRUSTEES OF DARTMOUTH COLLEGE'S LETTER BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS**

Dated: September 14, 2020

*Of Counsel:*
Christopher N. Sipes
R. Jason Fowler
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001
(202) 662-6000

James F. Haley, Jr.
HALEY GUILIANO LLP
75 Broad Street
Suite 1000
New York, NY 10004
(646) 973-2500

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

Adam W. Poff (No. 3990)
Pilar G. Kraman (No. 5199)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
pkraman@ycst.com

*Attorneys for Plaintiffs ChromaDex, Inc. and Trustees of Dartmouth College*

Dear Judge Connolly:

In anticipation of the telephonic conference to be held on Wednesday, September 16, 2020, Plaintiffs ChromaDex, Inc. and Trustees of Dartmouth College write in opposition to Defendant Elysium Health's letter motion seeking leave to amend its invalidity contentions.

On May 29, 2020, Elysium served its invalidity contentions pursuant to the Court's Scheduling Order (D.I. 40). Those contentions argued, among other things, that the patents-in-suit are obvious based on 26 prior art references and innumerable distinct combinations of those references. Despite the immense scope of its existing contentions, Elysium now belatedly seeks to add yet another prior art reference: U.S. Patent No. 5,736,529 ("the '529 patent").

The '529 patent, which Elysium's motion alleges describes a compound that is "closely related" to the compound at issue in this case, has been readily available to the public since it issued in 1998. Elysium contends that it only recently became aware of this reference in connection with interviewing a new expert, but that contention is demonstrably false. The '529 patent is cited on the face of a key prior art reference that was included in Elysium's invalidity contentions. In addition, weeks before it served its invalidity contention in this matter Elysium submitted a different prior art reference to the Patent Office that discussed the '529 patent. Presumably, what Elysium means to say is that it did not appreciate the purported significance of the '529 patent until it spoke to its expert. But Elysium clearly was aware of the '529 patent when it served its invalidity contentions in May, and its alleged failure to appreciate the significance of known prior art until recently does not constitute good cause to amend. If it did, good cause would be present in almost every case where an expert is retained following service of contentions.

Per the Scheduling Order (D.I. 40), amendments to invalidity contentions may only be made "by order of the Court upon a timely showing of good cause." D.I. 40 at ¶ 7.[1] Furthermore, requests to include new prior art are only to be granted absent "undue prejudice to the non-moving party" and only if the

---

[1] Jurisdictions that employ analogous "good cause" provisions in their local rules have explained that doing so requires parties to "crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *King Pharm., Inc. v. Sandoz Inc.*, 2010 WL 2015258, at *4 (D.N.J. May 20, 2010); *McKesson Info. Sols. LLC v. Epic Sys. Corp.*, 495 F. Supp. 2d 1329, 1332 (N.D. Ga. 2007) (describing early patent contentions as "an 'exercise in forced door closing,' in the sense that they force the parties to take infringement and invalidity positions early in the litigation and stick to them").

discovery is recent "despite earlier diligent search." *Id.* A party moving to amend its contentions must establish diligence. *See BioDelivery Scis. Int'l, Inc. v. Chemo Research, S.L.*, No. 19-CV-00444 (D. Del. Feb. 20, 2020), *report and recommendation adopted*, No. 19-CV-00444 (D. Del. June 4, 2020) (citation omitted). "[T]he critical issue is not what the party did after they discovered the prior art; rather, the critical issue is whether or not [the party seeking to amend] exercised diligence in discovering the prior art." *Peloton Interactive, Inc. v. Flywheel Sports, Inc.*, 2020 WL 338124, at *1 (E.D. Tex. Jan. 21, 2020) (citations omitted).

Elysium argues that it should be allowed to amend its invalidity contentions to include the '529 patent because it retained a new expert that brought the patent to its attention.[2] Elysium's attempt to throw mud in describing the circumstances surrounding its retention of a new expert is baseless, but more importantly, is irrelevant, because Elysium's retention of a new expert has no bearing on its diligence in searching for prior art. It is well-established that ***the movant*** must diligently search for and submit relevant prior art, which is not impacted by a change in expert or even a change in counsel. *See, e.g.*, *ICM Controls Corp. v. Honeywell Int'l, Inc.*, 2020 WL 1649881, at *2 (N.D.N.Y. Apr. 3, 2020) (holding that retention of a new expert due to the death of a previous expert did provide a justification for lack of diligence in finding newly offered prior art earlier); *Contour IP Holding, LLC v. GoPro, Inc.*, 2020 WL 109063, at *4 (N.D. Cal. Jan. 9, 2020) (refusing to allow amendment to invalidity contentions to include newly discovered prior art by new counsel because this does not excuse lack of diligence by party prior to substitution).

Critically, however, Elysium ***was aware*** of the '529 patent when it served its invalidity contentions. Indeed, one of the primary prior art references relied on in Elysium's invalidity contentions (U.S. Patent No. 6,337,065, "Jacobson") cites the '529 patent on its face. *See* Ex. A at 1. Presumably Elysium carefully reviewed the prior art included in its invalidity contentions, but regardless its own contentions make clear that it was aware of the '529 patent, even if it failed to appreciate the purported significance of the reference. In addition, on May 13, 2020—two weeks before it served its invalidity contentions in this case—Elysium filed an

---

[2] Although this opposition focuses on Elysium's lack of diligence demonstrated by its failure to include a known prior art reference in its invalidity contentions, it is notable that Elysium's own motion admits that its expert specifically identified the '529 patent on June 25, 2020—i.e., two months before Elysium sought leave to amend. Elysium thus also did not act diligently following its expert's identification of the reference.

Information Disclosure Statement with the Patent Office related to one of its own patent applications, disclosing European Patent No. 2,574,339 ("Huber") to the examiner as relevant to prosecution and asking that the information be "expressly considered." *See* Ex. B at 1, 3. Notably, the second paragraph of the Huber reference specifically identifies the '529 patent. Ex. C at 2. Again, while Elysium may not have appreciated the alleged significance of the '529 patent, it cannot credibly contend that it was not aware of it. As such, Elysium has not established diligence sufficient to show good cause. *See L.C. Eldridge Sales Co. v. Azen Mfg. Pte., Ltd.*, 2013 WL 7937026, at *4 (E.D. Tex. Oct. 11, 2013) (finding defendants had knowledge of new reference and were not diligent in seeking to amend where documents produced with invalidity contentions cited the new reference).

Finally—though this Court need not reach the question of prejudice here as there is no good cause for amendment, *Contour IP Holding, LLC*, 2020 WL 109063 at *4 (explaining that absent good cause "there is no need to address the potential for prejudice")—the amendment would unfairly prejudice Plaintiffs as all "crucial pre-Markman deadlines ha[ve] passed." *See Allure Energy, Inc. v. Nest Labs, Inc.*, 84 F. Supp. 3d 538, 541–42 (E.D. Tex. 2015) (finding introduction of new prior art reference would prejudice plaintiff where parties had proposed terms, exchanged constructions, and filed opening claim construction briefs).

Because Elysium's proffered justification for seeking leave to amend does not constitute good cause or diligence in seeking amendment, and because amendment would be prejudicial, Plaintiffs respectfully oppose Elysium's request to amend its invalidity contentions.

Respectfully submitted,

*/s/ Adam W. Poff*

Adam W. Poff (No. 3990)

cc:   All counsel of record (via electronic mail)