# ASHBY & GEDDES

ATTORNEYS AND COUNSELLORS AT LAW

500 DELAWARE AVENUE

P. O. BOX 1150

WILMINGTON, DELAWARE 19899

TELEPHONE
302-654-1888

FACSIMILE
302-654-2067

December 8, 2020

The Honorable Jennifer L. Hall                          VIA ELECTRONIC FILING
United States District Court
844 N. King Street
Wilmington, DE 19801

   Re: *ChromaDex, Inc., et al. v. Elysium Health, Inc.,*
     <u>C.A. No. 18-1434-CFC</u>

Dear Judge Hall:

  Elysium respectfully requests a 60-day continuance of the close of fact discovery, and all dates and deadlines thereafter, as set forth in the attached proposed order.  The grounds for Elysium's request are threefold.  ***First***, Plaintiffs withheld nearly the entirety of their document production until the very last minute, producing over 200,000 pages (including the named inventor's production) at the very end of the document production period.  ***Second***, Elysium will have lost the services of two key team members (the lead partner and a senior associate) for substantial periods during this critical time due to family and medical leaves that could not have been anticipated when the Court entered the current schedule.  ***And third***, the earlier-filed related case between ChromaDex and Elysium in the Central District of California recently was scheduled for trial on September 21, 2021.  Elysium's Delaware trial counsel and many of its Delaware fact witnesses will be participating in the California trial, and the California trial date overlaps with the September 27, 2021 Delaware trial date.

  Given that a 60-day postponement of the close of fact discovery and all subsequent dates is needed in light of the late production of documents and lost services of team members, and given that the current Delaware and California trial dates are in conflict in any case, Elysium respectfully submits that the fairest and most reasonable solution is to extend the fact discovery period and all subsequent dates for 60 days.  This would allow time for the orderly completion of depositions and would eliminate the conflict with the California trial date.  There have been no prior requests to extend the schedule in this action since the Court lifted the stay in February.

  Regarding documents, Elysium served its first requests on May 5, 2020.  The deadline for substantial completion of document production was November 6, 2020.  As of that date, Plaintiff ChromaDex had produced, mainly along with its infringement contentions, 2,865 pages of documents, and named inventor Charles Brenner had produced 2,786 pages.[1]  Plaintiff Dartmouth had not produced a single document.  Thus, in total, by the deadline for substantial

---

[1]  Dr. Brenner is represented by Plaintiffs' counsel.

The Honorable Jennifer L. Hall
December 8, 2020
Page 2

completion, Plaintiffs had produced fewer than 6,000 pages.  On November 7, the day after the
production deadline, Plaintiffs and Dr. Brenner produced over ***200,000 additional pages***, 97% of
their production.  A week later, on November 14, they produced another 4,000+ pages.
Although Elysium likewise made a production near the end of the period, it had also produced
documents earlier, on a rolling basis, and the volume of Elysium's final production (25,000
pages), and the resulting burden for the Plaintiffs, were dramatically less.

Regarding depositions, the current deadline for completing fact discovery is January 8,
2021.  The Court has set a 70 hour per side deposition limit, which permits at least 20
depositions, since not all depositions will require 7 hours.  Not until November 24 did Plaintiffs
notice a single deposition—a 40-topic Rule 30(b)(6) deposition of Elysium.  And not until
December 1 did Plaintiffs start noticing individual depositions.  The parties are discussing
scheduling of, or have served subpoenas on, 22 party and non-party witnesses, including Rule
30(b)(6) depositions.  The first deposition will commence on December 10, 2020.  To put the
20+ depositions in context, just 20 business days remain between December 10 and January 8
even counting Christmas Eve, New Year's Eve, and the December 17 *Markman* hearing.[2]

The short period for fact depositions in the case schedule (nine weeks from the November
6 completion of document production to the January 8 close of fact discovery) already was
ambitious, but Plaintiffs' withholding of nearly the entirety of their 200,000+ pages of
documents until after the deadline made it impossible for Elysium to proceed with depositions
any earlier, and makes this schedule unworkable.  Even under normal circumstances, it would be
unreasonable to expect Elysium's counsel to complete expedited review and analysis of more
than 200,000 pages of documents and then take and defend upwards of 20 depositions (including
preparing Rule 30(b)(6) designees on dozens of topics) in the limited time that remains.  With
the added complications of the pandemic and the upcoming holidays that make scheduling and
preparing witnesses so challenging, plus the need for counsel to focus on the December 17
*Markman* hearing, we respectfully submit that the current schedule is unmanageable.

Compounding these issues, Elysium's litigation team is facing significant challenges
arising from family and medical leave that could not have been anticipated at the time the Court
entered its schedule last March.  Mr. Quina, the lead partner for Elysium managing this litigation
day-to-day, and his wife are expecting their first child between December 24 and January 1.  He
will need to take some family leave when the baby is born, at a time likely to coincide with a
period of non-stop depositions under the current schedule.  In addition, the senior associate
managing the document production and review had to take three weeks of unexpected medical
leave beginning the week of November 16, and only returned recently.  This made it yet more

---

[2]     Elysium proposed conducting a deposition on December 17, but Plaintiffs declined due to
the *Markman* hearing.  Neither party has proposed producing witnesses on Christmas Eve or
New Year's Eve.  Elysium requested a deposition of a ChromaDex witness on December 23 and
another witness on December 30.  Both dates were rejected due to witness unavailability.

The Honorable Jennifer L. Hall
December 8, 2020
Page 3

difficult to analyze Plaintiffs' last minute document production.  Counsel are making best efforts to address these issues, but they pose formidable, unanticipated challenges.[3]

Elysium recognizes that the requested continuance will not just impact internal case deadlines but also will require a 60-day postponement of the trial date.  However, as previously noted, the district court in the earlier-filed California action between ChromaDex and Elysium (in which Elysium asserts a patent misuse claim that is dispositive of the Delaware case) ordered trial of that case to proceed on September 21, 2021 in California, just days before the scheduled trial date in this case.  A finding for Elysium on patent misuse by the California court would render the asserted patents unenforceable and moot this case.[4]  Both trials, on opposite ends of the country, with overlapping counsel and overlapping witnesses, cannot occur simultaneously and the requested continuance, if granted, also will solve the conflict between the two trials.

We do not seek a continuance lightly, but for all of the foregoing reasons, we believe there is substantial good cause for a 60-day extension of the case schedule, and we respectfully request that Your Honor grant that relief.

Respectfully,

*/s/ Steven J. Balick*

Steven J. Balick (#2114)

SJB/nlm

cc:     All Counsel of Record (via electronic mail)

---

[3]     In response to Elysium's request for a continuance, Plaintiffs proposed moving the fact discovery deadline from January 8 to January 29.  But their proposal accomplished this by taking time from Elysium's preparation of opening and reply invalidity expert reports and by shortening the time for filing dispositive and *Daubert* motions to just one week after expert discovery.  Plaintiffs' proposal did not cure the prejudice to Elysium caused by their belated production of documents; it merely shifted some of the prejudice to later events in the schedule.  Moreover, the proposed three-week continuance still left the bulk of the depositions spanning the period when Mr. Quina will be out on paternity leave.

[4]     Judge Connolly previously ordered a stay of this action "pending the resolution of Elysium's patent misuse claim in [the California action.]"  (D.I. 27).  However, in October 2019, the California court indefinitely postponed the trial date.  Plaintiffs thereafter moved to lift the stay in this case, arguing they were prejudiced by an indefinite stay, and Judge Connolly granted their request.  (D.I. 29 at 13-15; D.I. 36).  The same reasoning that led Judge Connolly initially to stay this case pending a decision on patent misuse supports the less drastic step of granting a brief continuance now that that the California court has ordered a firm date for the patent misuse trial.