IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHROMADEX, INC. and TRUSTEES OF DARTMOUTH COLLEGE<br><br>Plaintiffs,<br><br>v.<br><br>ELYSIUM HEALTH, INC.<br><br>Defendant. | Civil Action No. 18-1434-CFC-JLH |

## MEMORANDUM ORDER

Plaintiffs ChromaDex, Inc. and Trustees of Dartmouth College have moved pursuant to Local Rule 7.1.5 for reconsideration of the Revised Memorandum Opinion (D.I. 141) and related Revised Orders (D.I. 142 and D.I 143) I issued on December 17, 2020. D.I. 148. They seek reconsideration specifically of my dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) of certain claims asserted by ChromaDex for lack of subject matter jurisdiction and my denial of Plaintiffs' motion for leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). D.I. 142, D.I. 143.

A motion brought pursuant to Local Rule 7.1.5 is the "functional equivalent" of a motion brought pursuant to Federal Rule of Civil Procedure 59(e) to alter or

amend a judgment. *Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1352 (3d Cir. 1990). Such a motion "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Plaintiffs invoke the second ground. They argue that their motion "meets the reargument standard because it [presents] 'new factual matter[] not previously obtainable' that 'ha[s] been discovered since the issue was submitted to the Court.'" D.I. 162-1 at 1 (quoting *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990)) (first alteration added). Plaintiffs identify two "new factual matters": (1) an amendment to a contract executed by Dartmouth and ChromaDex on December 29, 2020; and (2) the dissolution of non-party Healthspan Research, LLC on January 15, 2021. D.I. 148 at 1-2.

These matters are not newly available evidence for purposes of the pending motion because they did not exist at the time I issued the Revised Memorandum Opinion and Orders. *See Brown v. Pennsylvania R.R. Co.*, 282 F.2d 522, 526–27 (holding that "'newly discovered evidence' within the purview of Rule 60(b)(2) . . . refers to evidence of facts in existence at the time of [the decision] of which the aggrieved party was excusably ignorant"); *Compass Tech. v. Tensing Labs.*, 71

F.3d 1125, 1130 (3d Cir. 1995) (holding that "Rule 59 and Rule 60(b)(2) share the same standard for granting relief on the basis of newly discovered evidence"). The matters are also not fairly characterized as "not previously obtainable" because Plaintiffs point to no fact or circumstance that precluded Healthspan from dissolving or Dartmouth and ChromaDex from executing the cited amendment before December 17, 2020. Finally, the matters are not accurately described as "discovered" because ChromaDex played a role in their creation after December 17, 2020.

NOW THEREFORE, at Wilmington this Twenty-seventh day of April in 2021, **IT IS HEREBY ORDERED** that ChromaDex, Inc. and Trustees of Dartmouth College's Motion for Reargument or Reconsideration of the Revised Memorandum Opinion and Orders Issued December 17, 2020 (D.I. 148) is **DENIED**.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE