IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHROMADEX, INC. and TRUSTEES OF DARTMOUTH COLLEGE, ) ) ) Plaintiffs, ) ) v. ) ) ELYSIUM HEALTH, INC., ) ) Defendant. ) ) | **REDACTED PUBLIC VERSION** C.A. No. 18-1434-CFC |

### ELYSIUM'S OPENING BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT (NO. 4) REGARDING ALL CLAIMS ASSERTED BY CHROMADEX

*Of Counsel:*

Donald R. Ware
dware@foleyhoag.com
Jeremy A. Younkin
jyounkin@foleyhoag.com
Marco J. Quina
mquina@foleyhoag.com
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, Massachusetts 02210
Phone: (617) 832-1000

Dated: April 27, 2021

ASHBY & GEDDES
Steven J. Balick (#2114)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Defendant*

{01683214;v1 }

# TABLE OF CONTENTS

I. Background ................................................................................................... 1

II. Argument ...................................................................................................... 2

## TABLE OF AUTHORITIES

**Cases**                                                                                              **Page**

*Impression Products, Inc. v. Lexmark International, Inc.*,
    137 S. Ct. 1523 (2017) ................................................................................... 2

**Statutes**

35 U.S.C. § 271(a) ............................................................................................... 2

This Court has dismissed all claims of infringement brought by ChromaDex (for lack of standing) for activities that are alleged to have occurred on or *after* March 13, 2017.  ChromaDex does not—and cannot—assert claims of infringement for activities alleged to have occurred *before* March 13, 2017.  Elysium therefore is entitled to summary judgment on all claims asserted by ChromaDex, and ChromaDex should be dismissed from the case.

I.      **Background**[1]

In its Revised Order, dated December 17, 2020, this Court dismissed claims of infringement brought by ChromaDex for activities that are alleged to have occurred on or after March 13, 2017.  D.I. 142.  The Court thereafter denied ChromaDex's motion for reargument.  D.I. 181.

ChromaDex does not allege that Elysium infringed any of the asserted claims before March 13, 2017.  SF4-01.  At a hearing before Magistrate Judge Hall in March, Plaintiffs acknowledged to that "[d]iscovery did not bear any infringement" prior to March 13, 2017.  Ex. A at 18.  Plaintiffs are not seeking any damages for alleged infringement prior to July 2017: Plaintiffs' damages expert calculated damages only between July 2017 and December 2020.  SF4-03.  In his deposition, the expert testified that he used July 2017 as the hypothetical

---

[1] For the facts material to this motion, see the accompanying Fourth Statement of Facts ("SF4").  Citations to exhibits ("Ex.") refer to the exhibits attached thereto.

negotiation date because "That's the time of first infringement." *Id.* Before July 2017, he testified, Elysium was "selling product that ChromaDex had sold them." SF4-02.

The undisputed evidence shows that all lots of the accused product, Basis®, sold before March 13, 2017 were made using nicotinamide riboside ("NR") supplied by ChromaDex. A summary of all lots of NR used in Basis after Elysium stopped using NR supplied by ChromaDex shows that Elysium received its first lots of non-ChromaDex NR ingredient in ███████████████████████ ███. SF4-04.

## II. Argument

ChromaDex does not claim that Elysium infringed the asserted claims before March 13, 2017. It is undisputed that the lots of Basis sold before March 13, 2017 used ChromaDex-supplied NR. These sales were authorized by ChromaDex and do not infringe. *See* 35 U.S.C. § 271(a); *Impression Products, Inc. v. Lexmark International, Inc.*, 137 S. Ct. 1523, 1529 (2017).

Because this Court has dismissed all of ChromaDex's claims of infringement for activities alleged to have occurred on or after March 13, 2017, and ChromaDex does not—and cannot—assert infringement for activities alleged to have occurred before March 13, 2017, this Court should grant summary

judgment for Elysium on all claims brought by ChromaDex, dismissing ChromaDex from the case and leaving Dartmouth as the sole plaintiff.

| | |
|---|---|
| *Of Counsel:* | ASHBY & GEDDES |
| Donald R. Ware<br>dware@foleyhoag.com<br>Jeremy A. Younkin<br>jyounkin@foleyhoag.com<br>Marco J. Quina<br>mquina@foleyhoag.com<br>FOLEY HOAG LLP<br>155 Seaport Boulevard<br>Boston, Massachusetts  02210<br>Phone:  (617) 832-1000 | */s/ Andrew C. Mayo*<br>_____<br>Steven J. Balick (#2114)<br>Andrew C. Mayo (#5207)<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE  19899<br>(302) 654-1888<br>sbalick@ashbygeddes.com<br>amayo@ashbygeddes.com |
| Dated:  April 27, 2021 | *Attorneys for Defendant* |

## CERTIFICATE OF COMPLIANCE

This brief complies with the type, font and word limitations set forth in this Court's Standing Order Regarding Briefing in All Cases, dated November 6, 2019. This brief contains 440 words (excluding the title page, table of contents, table of authorities, signature block, and certificate of compliance). This brief has been prepared in 14-point Times New Roman.

Date: April 27, 2021

ASHBY & GEDDES

*/s/ Andrew C. Mayo*

_____
Steven J. Balick (#2114)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
sbalick@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Defendant*

{01683214;v1 }