IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHROMADEX, INC. and TRUSTEES OF DARTMOUTH COLLEGE, | ) ) ) | **REDACTED PUBLIC VERSION** |
| Plaintiffs, | ) ) | C.A. No. 18-1434-CFC |
| v. | ) ) ) | |
| ELYSIUM HEALTH, INC., | ) ) | |
| Defendant. | ) ) ) | |

**ELYSIUM HEALTH'S OPENING BRIEF IN SUPPORT OF ITS *DAUBERT* MOTION (NO. 2) TO EXCLUDE EXPERT TESTIMONY REGARDING CHROMADEX'S DAMAGES AND IRREPARABLE HARM**

*Of Counsel:*

Donald R. Ware
dware@foleyhoag.com
Jeremy A. Younkin
jyounkin@foleyhoag.com
Marco J. Quina
mquina@foleyhoag.com
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, Massachusetts  02210
Phone:  (617) 832-1000

Dated:  April 27, 2021

ASHBY & GEDDES
Steven J. Balick (#2114)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
sbalick@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Defendant*

{01683229;v1 }

# TABLE OF AUTHORITIES

**Cases**                                                                                                                        **Page**

*Krys v. Sugrue,*
 2012 U.S. Dist. LEXIS 185904 (S.D.N.Y. Nov. 29, 2012)................................. 2

*Price v. Fox Entertainment Group, Inc.,*
 499 F. Supp. 2d 382 (S.D.N.Y. 2007) ................................................................ 2

The Court should exclude opinions of Plaintiffs' damages expert, Lance Gunderson ("Gunderson"), related to damages and irreparable harm allegedly suffered by ChromaDex.

In its December 17, 2020 Order, this Court dismissed claims of infringement brought by ChromaDex for acts that are alleged to have occurred on or after March 13, 2017. D.I. 142 ("December Order"). The Court found that ChromaDex did not suffer any injury from Elysium's conduct after that date because ChromaDex did not hold exclusionary rights to the patent. The Court thereafter denied ChromaDex's motion for reargument. D.I. 181.

Plaintiffs ignored the Court's December Order and instead submitted a 156-page expert report that opines, in substantial part, on lost profits, reasonable royalty damages, and injunctive relief allegedly due **ChromaDex** on account of Elysium's activities occurring after March 2017. Plaintiffs do not allege that Elysium infringed the asserted patents before March 13, 2017 and Gunderson sets the date of first infringement in July 2017. *See* Ex. A at 18 ("Discovery did not bear any infringement [prior to March 13, 2017]."); Ex. B at 137; *see also* Ex. C at 90-91.[1]

Gunderson's opinions should be excluded as irrelevant and unhelpful to the jury. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993) ("Expert testimony which does not relate to any issue in the case, is not relevant and, ergo,

---

[1] Exhibits are to the accompanying Declaration of Marco J. Quina.

nonhelpful."). *See Krys v. Sugrue*, 2012 U.S. Dist. LEXIS 185904, at *66 (S.D.N.Y. Nov. 29, 2012); *Price v. Fox Entm't Grp., Inc.*, 499 F. Supp. 2d 382, 388 (S.D.N.Y. 2007).

**Lost Profits and Irreparable Harm.**  Gunderson's opinion in Section 5.II.A of his report, entitled "ChromaDex's Lost Profits," seek damages allegedly due ChromaDex for acts occurring after March 13, 2017, and should be excluded as contrary to the December Order.  Ex. B at 32-72.  Similarly, Gunderson provides an opinion in Section 8 of his report regarding irreparable harm allegedly suffered by ChromaDex from acts occurring after March 13, 2017.  Ex. B at 154-56.  During the meet and confer on this motion, Plaintiffs' counsel agreed these opinions would not be presented if the Court denies Plaintiffs' motion for reargument, as it now has.  D.I. 181.

**Reasonable Royalty for Injuries Suffered by ChromaDex.**  Gunderson's expert report presents various royalty scenarios, three of which are based on injuries allegedly suffered by ChromaDex after March 13, 2017 and must be excluded.[2]  Ex. B at 9-13, 72-151.

---

[2] Elysium does not seek to exclude Gunderson's fourth reasonable royalty scenario, entitled "Dartmouth Reasonable Royalty on All Accused Basis Sales," which is based on a hypothetical negotiation between Elysium and Dartmouth.  Ex. B at 14-15, 151-53.

{01683229;v1 }                                             2

The first two scenarios seek a reasonable royalty award for ChromaDex and are precluded by the December Order. *See* Ex. B at 10-11, 143-148. Plaintiffs' counsel has also confirmed these opinions will not be presented if the motion for reargument is denied, as it has. D.I. 181.

The parties dispute Gunderson's third reasonable royalty opinion, entitled "Dartmouth sublicense royalty on ChromaDex reasonable royalty on all accused Basis sales." *See* Ex. B at 11-13, 148-151. In this calculation, Gunderson purports to calculate a pass-through royalty Dartmouth would receive if ChromaDex were awarded reasonable royalty damages and Dartmouth received 30% of that damages award. Although nominally entitled a "Dartmouth" royalty, this opinion is, in actuality, a calculation of a royalty due to injury allegedly suffered by ChromaDex. But ChromaDex is not entitled to recover reasonable royalty damages because it lacks standing to sue, and hence Dartmouth is not entitled to a percentage of such damages. Gunderson's opinion represents a transparent attempt to circumvent the December Order. Gunderson admits that, in this analysis, **ChromaDex**, not Dartmouth, is the hypothetical negotiator. Ex. B at 12; Ex. C at 50. Gunderson admits his analysis sought to determine the royalty that would "adequately compensate ChromaDex" for the injury **ChromaDex** allegedly suffered from Elysium's acts. Ex. B at 150; Ex. C at 51. Dartmouth's only role in this analysis is

to collect 30% of the reasonable royalty allegedly due ChromaDex. Ex. B at 148-149; Ex. C at 50-51.

Under the December Order, however, ChromaDex suffered *no injury* to any exclusive rights on account of Elysium's allegedly infringing acts after March 13, 2017. The royalty that would "adequately compensate" ChromaDex for the injury it suffered from Elysium's alleged infringement is zero. The predicate of Gunderson's "Dartmouth sublicense royalty" analysis—determining the reasonable royalty that would compensate ChromaDex for its injury—is precluded by the Court's finding that ChromaDex suffered no injury. The opinion should be excluded.

*Of Counsel:*

Donald R. Ware
dware@foleyhoag.com
Jeremy A. Younkin
jyounkin@foleyhoag.com
Marco J. Quina
mquina@foleyhoag.com
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, Massachusetts  02210
Phone:  (617) 832-1000

Dated:  April 27, 2021

ASHBY & GEDDES

/s/
_____
Steven J. Balick (#2114)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
sbalick@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Defendant*

## CERTIFICATE OF COMPLIANCE

This brief complies with the type, font and word limitations set forth in this Court's Standing Order Regarding Briefing in All Cases, dated November 6, 2019. This brief contains 756 words (excluding the title page, table of contents, table of authorities, signature block, and certificate of compliance). This brief has been prepared in 14-point Times New Roman font.

*Of Counsel:*

Donald R. Ware
dware@foleyhoag.com
Jeremy A. Younkin
jyounkin@foleyhoag.com
Marco J. Quina
mquina@foleyhoag.com
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, Massachusetts  02210
Phone:  (617) 832-1000

Dated:  April 27, 2021

ASHBY & GEDDES

*/s/ Andrew C. Mayo*

_____
Steven J. Balick (#2114)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
sbalick@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Defendant*

{01683229;v1 }