IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHROMADEX, INC. and TRUSTEES OF DARTMOUTH COLLEGE,<br><br>          Plaintiffs,<br><br>  v.<br><br>ELYSIUM HEALTH, INC.,<br><br>          Defendant. | **REDACTED PUBLIC VERSION**<br><br>C.A. No. 18-1434-CFC |

**ELYSIUM HEALTH'S OPENING BRIEF IN SUPPORT OF ITS *DAUBERT* MOTION (NO. 3) TO EXCLUDE OPINIONS OF ROBERT W. SOBOL REGARDING WILLFULNESS**

*Of Counsel:*

Donald R. Ware
dware@foleyhoag.com
Jeremy A. Younkin
jyounkin@foleyhoag.com
Marco J. Quina
mquina@foleyhoag.com
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, Massachusetts 02210
Phone: (617) 832-1000

Dated: April 27, 2021

ASHBY & GEDDES
Steven J. Balick (#2114)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
sbalick@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Defendant*

{01683254;v1 }

# TABLE OF AUTHORITIES

**Cases** **Page**

*LoggerHead Tools, LLC v. Sears Holding Corp.*,
    2016 U.S. Dist. LEXIS 127626 (N.D. Ill. Sept. 20, 2016) ........................ 1, 2

*X-Tra Light MFG Inc. v. Acuity Brands, Inc.*,
    2007 U.S. Dist. LEXIS 99281 (S.D. Tex. Feb. 13, 2007)............................. 2

*Zimmer Surgical v. Stryker Corp.*,
    365 F.3d 466 (D. Del. 2019) ....................................................................... 2

The Court should exclude the opinions of Plaintiffs' expert, Dr. Robert Sobol, asserting willful infringement by Elysium. In his report, Dr. Sobol opines that Elysium "sells its Basis product aware of the fact that the product infringes the Asserted Patents and that its infringement is willful." Ex. A at ¶ 123. He bases his opinion of Elysium's intent on his review of nontechnical matters such as the parties' prior supply agreement, whether the patents were previously listed on the label of the accused products, and ▌. *Id.* at ¶¶ 124-126. Based on this, he concludes that "Elysium's actions prove that it continues to believe the Asserted Patents cover its Basis Product." *Id.* at ¶ 127. He then concludes, without analysis, that "it is my opinion the documents show that Elysium knew its actions constituted a high risk of infringement of a valid and enforceable patent". *Id.* at ¶ 128.

Dr. Sobol is a technical expert. He is not an expert in patent law, psychology, the business of nutritional supplements, or licensing. Ex. B at 56, 155. He is no more qualified than a lay juror to provide opinions on Elysium's intent. *LoggerHead Tools, LLC v. Sears Holding Corp.*, 2016 U.S. Dist. LEXIS 127626, at *6 (N.D. Ill. Sept. 20, 2016) ("[T]here is no reason to believe that Dr. Fronczak has any particular qualifications above and beyond that of a layperson to determine the state of mind of another.").

Even if he were, his opinions would be inadmissible. As one court in this District has explained in excluding expert opinions regarding a defendant's subjective intent, "expert testimony as to intent, motive, or state of mind offers no more than the drawing of an inference from the facts of the case… and permitting expert testimony on this subject would be merely substituting the expert's judgment for the jury's and would not be helpful for the jury." *Zimmer Surgical v. Stryker Corp.*, 365 F.3d 466, 497 (D. Del. 2019) (excluding expert opinions on willfulness). *See also LoggerHead.*, 2016 U.S. Dist. LEXIS 127626, at *6 ("Dr. Fronczak's testimony on willfulness is not helpful to the jury, as it does not concern a matter beyond the understanding of the average person."); *X-Tra Light MFG Inc. v. Acuity Brands, Inc.*, 2007 U.S. Dist. LEXIS 99281, at *4 (S.D. Tex. Feb. 13, 2007) ("[A] jury is capable of understanding and evaluating the evidence relating to willfulness without the assistance of an expert.").

Dr. Sobol testified that all he did was "read the documents… looked at the calendar to know the dates associated with the documents, and I put a timeline together based on the order of events and came to the conclusion as stated." Ex. B at 160. A jury is quite capable of doing the same without Dr. Sobol's assistance. Dr. Sobol's willfulness opinions should be excluded.

| | |
|---|---|
| *Of Counsel:* | ASHBY & GEDDES |
| Donald R. Ware<br>dware@foleyhoag.com<br>Jeremy A. Younkin<br>jyounkin@foleyhoag.com<br>Marco J. Quina<br>mquina@foleyhoag.com<br>FOLEY HOAG LLP<br>155 Seaport Boulevard<br>Boston, Massachusetts  02210<br>Phone:  (617) 832-1000<br><br>Dated:  April 27, 2021 | */s/ Andrew C. Mayo*<br>_____<br>Steven J. Balick (#2114)<br>Andrew C. Mayo (#5207)<br>500 Delaware Avenue, 8th Floor<br>P.O. Box 1150<br>Wilmington, DE  19899<br>(302) 654-1888<br>sbalick@ashbygeddes.com<br>amayo@ashbygeddes.com<br><br>*Attorneys for Defendant* |

## CERTIFICATE OF COMPLIANCE

This brief complies with the type, font and word limitations set forth in this Court's Standing Order Regarding Briefing in All Cases, dated November 6, 2019. This brief contains 475 words (excluding the title page, table of contents, table of authorities, signature block, and certificate of compliance).  This brief has been prepared in 14-point Times New Roman font.

Date: April 27, 2021

ASHBY & GEDDES

*/s/ Andrew C. Mayo*

_____
Steven J. Balick (#2114)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
sbalick@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Defendant*

{01683254;v1 }